IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MCCOLLUM, § | | |
| Dallas Cnty. Jail Bookin No. 20017567, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:21-cv-900-G-BN | |
| § | | |
| DALLAS COUNTY JAIL SYSTEMS, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff James McCollum, at least then a pretrial detainee at the Dallas County jail facing state charges of arson, *see State v. McCollum*, Nos. F2036584, F2036585 (265th Jud. Dist. Ct., Dallas Cnty., Tex.), filed a *pro se* civil rights complaint raising claims related to his conditions of confinement, his bond, and the alleged deprivation of his property. *See* Dkt. No. 3. Senior United States District Judge A. Joe Fish referred McCollum's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the Court granted McCollum leave to proceed *in forma pauperis* under the Prison Litigation Reform Act. *See* Dkt. No. 4.

Through his original complaint, McCollum made four claims falling into three categories. He challenged the constitutionality of his conditions of confinement based on (1) two overflowing toilets and (2) the temporary removal of shower curtains. He challenged his not receiving a reduction in bond. And he challenged the jail's taking of his property (which was liberally construed as a claim that he was denied

procedural due process). After screening, the Court dismissed this complaint without prejudice to McCollum's realleging just the procedural-due-process claim against a jural entity or individual defendant through an amended complaint filed by a deadline to be set by the Court. *See* Dkt Nos. 5, 8; *McCollum v. Dall. Cnty. Jail Sys.*, No. 3:21-cv-900-G-BN, 2021 WL 2481891 (N.D. Tex. May 4, 2021), *rec. accepted*, 2021 WL 2478624 (N.D. Tex. June 16, 2021) (*McCollum I*).

McCollum has now timely filed an amended complaint, against individuals and entities (some jural). *See* Dkt. No. 11.

He again makes conditions-of-confinement claims, this time specific to allegedly inadequate heating, telephones (that "are a horror show"), and jail-imposed limits on recreation and visitation. *See id.* at 2-4. While these amended claims were not authorized by the Court, they are also not plausible for the reasons underlying the Court's dismissal of his initial conditions claims. *See McCollum I*, 2021 WL 2481891, at *3-*4.

McCollum next realleges the procedural-due-process claim:

> Pertaining to Claim # 3 in my original filing: The 4th, 5th, and 14th amendment protect life, liberty and property and unreasonable search and seizure. I do claim and allege that the Consolidated County of Dallas, Texas and the Dallas Sheriff's Dept. Officer named (Flores) deprived me of substantive and procedural due process upon the unreasonable search and seizure of my personal property and legal materials that had no penological purpose other than harassment causing me undue psychological and emotional harm and actually violated due process under the 14th amendment in the impediment to the vindication of my civil rights in my criminal cause of action (access to courts). These acts performed by the guards were done twice behind my back, sneakily without my knowing and without telling me about the items they had taken, and is indeed an act of cruel and unusual activity falling under violations of my Eighth Amendment Rights.

Dkt. No. 11 at 2.

Through this amendment, McCollum clarifies that he alleges that his property was taken arbitrarily without notice, not pursuant to a policy made without proper notice. This claim, as made under 42 U.S.C. § 1983, is therefore barred. As the Court previously explained to him, if he alleges

> that Flores or another jail employee arbitrarily took his property without notice, this claim as made under Section 1983 would appear to be barred.
>
> "The *Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984))); *see, e.g.*, *Gross v. Normand*, 576 F. App'x 318, 320 (5th Cir. 2014) (per curiam) ("[T]he conduct alleged describes the state actors' unforeseeable failure to abide by procedure – the defendants' arbitrary, unreasonable abuse of power. Such allegations call for the application of the *Parratt/Hudson* doctrine, so the defendants' 'conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post deprivation remedy.'" (quoting *Zinermon v. Burch*, 494 U.S. 113, 115 (1990))).
>
> "[T]his doctrine is most frequently applied when prisoners (or others) are deprived of their personal property but have the opportunity to seek return of their property (or be made whole) through a post-deprivation process." *LeBeouf v. Manning*, 575 F. App'x 374, 379 (5th Cir. 2014) (per curiam) (citations omitted). "In Texas, the tort of conversion generally constitutes an adequate post-deprivation remedy." *Wyatt v. Matagorda Cnty.*, No. 3:13-CV-356, 2017 WL 908202, at *4 (S.D. Tex. Mar. 7, 2017) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)). And "[t]he burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate." *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).
>
> But "[c]onduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Zinermon*,

> 494 U.S. at 138, and reversing dismissal of Section 1983 claim for wrongful confiscation of property under the *Parratt/Hudson* doctrine "[b]ecause the undisputed facts reveal that Allen's word processor and radio were confiscated under the authority of a prison administrative directive, the confiscation was not a random, unauthorized act by a state employee").

*McCollum I*, 2021 WL 2481891, at \*6.

Next, McCollum may not now, through this amended complaint, bring wide-ranging (but still conclusory) class claims aimed at the management of the jail. *See* Dkt. No. 11 at 5-7. The Court granted him leave to amend one claim, not effectively file a new lawsuit. *See, e.g.*, *Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at \*22-\*23 (M.D. Pa. Feb. 17, 2015) ("Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation.... In this case, it cannot be said from the amended complaint that these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences. Quite the contrary, these episodes appear to be separate transactions, allegedly committed by different actors at divergent times and places. '[G]iven the hodgepodge of claims raised in the ... complaint,' this Court may properly, in the exercise of its discretion, dismiss this amended complaint, and require Johnson to file separate complaints relating to what seem to be factually distinct claims." (quoting *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 77 (3d Cir. 2011) (per curiam))).

McCollum, as a non-lawyer *pro se* litigant, also lacks the authority and the competency to pursue claims on behalf of a class *pro se. Cf. Oliver v. Trial Court*

*Judges*, No. 3:15-cv-2962-P-BN, 2015 WL 6438477, at *3 (N.D. Tex. Sept. 15, 2015) ("Oliver, as a *pro se* prisoner, has 'neither the authority to represent anyone but [himself] nor the competence to protect the interests of other prisoners.'" (quoting *Henderson v. Jamison*, No. C10–5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011))), *rec. accepted*, 2015 WL 6460030 (N.D. Tex. Oct. 21, 2015).

In sum, for the reasons set out in *McCollum I* and set out above, the Court should dismiss the claims initially brought in this case as amended with prejudice and dismiss the misjoined claims (the new claims made in the amended complaint) without prejudice.

## Recommendation

The Court should dismiss Plaintiff James McCollum's complaint as amended with prejudice as to the claims initially brought in this case that he then amended with leave of Court but without prejudice as to the new claims he misjoins to this case through the amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE